## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

KEITH JONES, individually and on
behalf of all similarly situated
individuals,

Court File No.: 5:11-cv-398

Plaintiff,

v.

**COLLECTIVE ACTION
COMPLAINT**

TUCKER COMMUNICATIONS,
INC.,

**Jury Trial Demanded**

Defendant.

For his Complaint against Defendant Tucker Communications, Inc. ("Defendant"), Plaintiff Keith Jones ("Plaintiff") states and alleges, individually and on behalf of all similarly situated individuals, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for unpaid overtime wages on behalf of himself and all other similarly situated employees who worked as technicians, installers, or similar positions, for Defendant within the past three years, and to whom Defendant filed to pay overtime compensation in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Defendant provides cable and internet installation services to residential and commercial customers. Plaintiff and other similarly situated

individuals are Defendant's employees, and perform these installation services on Defendant's behalf.  Defendant compensates Plaintiff and the similarly situated employees on a piece rate (per job) basis.  Although Plaintiff and the similarly situated individuals regularly work more than forty hours per week and are W-2, non-exempt employees, Defendant has failed to pay them proper overtime compensation.

3.      For at least three years prior to filing this Complaint, Defendant has willfully committed widespread violations of the FLSA by failing to pay these employees overtime compensation when they work more than forty hours in a workweek.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

5.      Venue is proper under 28 U.S.C. § 1391, because Defendant's headquarters are located within this district and because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

6.      Plaintiff Keith Jones is an adult resident of Milledgeville, Georgia.  Plaintiff worked as a technician for Defendant out of its Milledgeville, Georgia

location from approximately June 2009 to June 2011. Throughout Plaintiff's employment with Defendant, Defendant classified him as a W-2, non-exempt employee and paid him on a piece rate basis. Plaintiff was Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

7.     Defendant Tucker Communications is a domestic corporation engaged in interstate commerce and/or the production of goods for commerce, with its principal place of business in Thomaston, Georgia. Upon information and belief, its gross annual sales made or business done has been $500,000 or greater. Defendant is Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.     Plaintiff brings this action on behalf of himself and all similarly situated individuals, pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work or worked for Defendant as technicians (also known as "installers"), and other similar positions, at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. During the relevant statutory period, Plaintiff and the similarly situated individuals regularly worked over forty hours per week without proper compensation for overtime hours worked.

9.     All facts and allegations made by Plaintiff in this Complaint are also stated, upon information and belief, as to the similarly situated individuals.

Therefore, all further references in this Complaint to "Plaintiff" should also be assumed to reference all similarly situated individuals.

## FACTUAL ALLEGATIONS

10. Defendant is in the business of installing digital cable, telephone devices and high speed internet, and operates several offices throughout Georgia and Alabama. Defendant contracts with Charter Communications, a digital network operator, to provide installation services for Charter Communications.

11. Plaintiff and other similarly situated employees work or worked for Defendant as technicians, installers, and other similar positions.

12. Plaintiff's primary job duty was to install cable, high speed internet, and telephone devices on Defendant's behalf.

13. Defendant classified Plaintiff as a non-exempt, W-2 employee.

14. Defendant paid Plaintiff on a fixed "piece rate" basis. As a piece rate-paid technician, Plaintiff recevied a pre-determined amount of money for each type of job he performed.

15. Defendant knew that Plaintiff performed work that required overtime pay.

16. Plaintiff regularly worked more than forty hours in a workweek.

17. Defendant knew that Plaintiff regularly worked more than forty hours in a workweek.

- 4 -

18.     Despite these facts, Defendant knowingly and willfully permitted Plaintiff to work more than forty hours in a workweek without paying him proper overtime compensation for all hours worked beyond forty.

19.     Defendant's conduct has been widespread, repeated and consistent.

20.     Defendant's conduct was willful and in bad faith, and has caused significant damages to Plaintiff.

21.     Defendant is liable under the FLSA for failing to pay Plaintiff his proper overtime compensation.

22.     There are numerous individuals who have been denied overtime pay by Defendant's violations of the FLSA, and who would benefit from court-supervised notice of this lawsuit and the opportunity to join.  These similarly situated individuals are known to Defendant, and are readily identifiable through its records.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Overtime Violations)**

23.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

24.     Plaintiff consents in writing to be part of this action pursuant to the FLSA, 29 U.S.C. § 216(b).  (See Ex. A.)  Additionally, six other plaintiffs have also consented to bring overtime claims against Defendant by filing written

- 5 -

consent forms with this Court. (See Ex. B.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

25.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207.

26.     At all times relevant and within the meaning of the FLSA, 29 U.S.C. § 203, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, and has employed employees, including Plaintiff.     Defendant's gross annual sales made or business done has been $500,000 or greater.

27.     Because Plaintiff is Defendant's non-exempt employee, he is entitled to overtime compensation at one and one-half times his regular rate of pay for all time worked in excess of forty hours per week.

28.     Plaintiff regularly worked more than forty hours per week without receiving proper overtime compensation.

29.     By failing to pay Plaintiff his proper overtime compensation, Defendant has violated the FLSA, 29 U.S.C. § 201 et seq.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

- 6 -

## PRAYER FOR RELIEF

31.    WHEREFORE, Plaintiff, individually and on behalf of all similarly

situated individuals, prays for judgment against Defendant as follows:

A.    Designation of this action as a collective action and prompt issuance of court-supervised notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals;

B.    Judgment that Plaintiff and all similarly situated individuals are "employees" under the FLSA;

C.    Judgment that Defendant's practices are a violation of the FLSA, 29 U.S.C. § 201 et seq.;

D.    Judgment that Defendant's practices are a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

E.    For damages in the amount of Plaintiff and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

F.    Leave to amend the Complaint to additional plaintiffs and claims, if necessary; and

G.    For all such further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

32.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a

jury trial.

Dated:  October 3, 2011          **AUSTIN & SPARKS, P.C.**

_____

John T. Sparks, GA Bar No. 669575
2974 Lookout Place N.E., Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Fax: (404) 869-0200
jsparks@austinsparks.com

**NICHOLS KASTER, PLLP**

Matthew H. Morgan, MN Bar No. 304657*
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
morgan@nka.com
rdesai@nka.com
*pro hac vice admission forthcoming*

ATTORNEYS FOR PLAINTIFF