IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEITH JONES, individually and on Behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TUCKER COMMUNICATIONS, INC., and TIMOTHY TUCKER<br><br>Defendants. | Case No: 5:11-CV-00398-MTT |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR SETTLEMENT APPROVAL**

**INTRODUCTION**

Defendants Tucker Communications, Inc. and Timothy Tucker ("Defendants") and Named Plaintiff Keith Jones and the Opt-in Plaintiffs in the above-referenced matter ("Plaintiffs") (collectively the "Parties"), by and through their undersigned counsel, jointly move for approval of their settlement agreement ("Settlement Agreement") in this collective action for overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Parties respectfully submit that the terms of the Settlement Agreement are fair, reasonable, and resolve *bona fide* disputes between the Parties with respect to liability and damages.

## DISCUSSION

**I.     HISTORY AND PROCEDURAL STATUS OF THE CASE**

    **A.  The Parties' Claims and Defenses**

Named Plaintiff Keith Jones was employed by Defendants as a cable and internet installation technician (also known as "installer") out of Defendants' Milledgeville, Georgia, location from approximately June 2009 to June 2011.  On October 3, 2011, the Named Plaintiff brought collective claims against Defendant Tucker Communications, Inc. under the FLSA, alleging that Defendant Tucker Communications, Inc. failed to pay him and other similarly situated individuals overtime compensation.  (ECF No. 1.)  The Named Plaintiff specifically alleged that he and other similarly situated individuals were compensated on a piece rate (per job) basis, and although he and the similarly situated individuals regularly worked more than forty hours per week and were non-exempt, Defendants failed to pay them proper overtime compensation.  (Id.)  On December 17, 2012, the Named Plaintiff filed an Amended Complaint, adding Timothy Tucker as a Defendant in this matter. (ECF No. 78.)

Defendants have at all times denied the allegations asserted by Plaintiffs.  As partly set forth in Defendants' Amended Answer and Affirmative Defenses, (ECF No. 79), Defendants stated that, among other things, Defendants did not violate the FLSA in any way, Plaintiffs were not similarly situated, Plaintiffs were exempt under Section 7(i) and/or Section 13(a)(1) of the FLSA, Plaintiffs' claims were barred by the *de minimis* doctrine, and Timothy Tucker was not an "employer" within the meaning of the FLSA.

    **B.  Discovery, Class Certification, and Mediation**

On December 6, 2011, the Parties filed a Joint Motion to Stay Deadlines in the Court's Scheduling and Discovery Report Pending Mediation. (ECF No. 23.)  To facilitate the mediation

process, Defendants agreed to send a class notice and opt-in form to each putative class member (ECF No. 24.)  On May 4, 2012, the Parties notified the Court that the mediation process was not successful.  (ECF No. 64.)  Subsequently, the Parties filed an Amended Scheduling and Discovery Report (ECF No. 65), which was approved by the Court on May 17, 2012.  (ECF No. 66.) On September 10, 2012, the Court issued a further Amended Scheduling Order (ECF No. 71.)

### C.  Summary Judgment, Dismissal, and Decertification Motions

On February 19, 2013, Plaintiffs and Defendants filed Motions for Summary Judgment on, *inter alia*, the issue of whether the Plaintiff cable installation technicians met the tests set forth in Section 7(i) of the FLSA to be considered exempt from the FLSA's overtime requirements.  (ECF No. 80, 96.)  Concurrently, Defendants moved to dismiss the claims of 136 Opt-in Plaintiffs for alleged non-compliance with a discovery order, and to decertify the collective action.  (ECF No. 115, 116.)  On November 18, 2013, the Court granted Defendants' Motion for Summary Judgment on the Section 7(i) issue, denied Plaintiffs' Motion for Summary Judgment, and denied as moot Defendants' Motions for Decertification and Dismissal.  (ECF No. 144.)

### D.  Appeal and Settlement Agreement

On December 16, 2013, Plaintiffs appealed this Court's decision to the Eleventh Circuit Court of Appeals.  (ECF No. 146.)  A brief in support of that appeal was due to be filed on March 27, 2014, but on March 25, 2014, following negotiations and another mediation, the Parties came to terms on a Settlement Agreement. (Ex. A.)

## II.     HISTORY OF SETTLEMENT

The Parties conducted arm's-length negotiations to settle this case. In April 2012, the Parties mediated with James G. Brown, an experienced mediator with an expertise in employment matters, particularly in collective actions under the FLSA. (Schlesinger Decl. at ¶ 3.) This first mediation was not successful. (Id.) Following the Court's summary judgment order, and Plaintiffs' appeal, the parties renewed their settlement discussions. With the help of the Eleventh Circuit's designated mediator over two phone conferences, the Parties reached a resolution. (Id. at ¶ 8.)

### A. Settlement Agreement

The Parties' Settlement Agreement is being submitted herewith as Exhibit A to the Schlesinger Declaration. The amount of the settlement ("Total Settlement Amount") is set forth at Paragraph 1 on page 4 of the Settlement Agreement. The Total Settlement Amount fully resolves all claims for all wages, liquidated damages, interest (together "Net Settlement Amount"), and attorneys' fees and costs, including settlement administration costs, to which Plaintiffs and all their counsel claim or could have claimed entitlement in or as a result of this litigation.

Each individual's settlement amount was calculated by Plaintiffs' counsel according to a formula which is based on a week-by-week analysis of overtime allegedly due to each Plaintiff during a three-year statutory period (subject to a minimum payment of $200), after subtracting modest recognition payments for the Named Plaintiff and the Opt-in Plaintiffs who participated in discovery.[1] The final settlement allocations are being submitted herewith as Exhibit B to the

---

[1] As stated in Paragraph 2 of the Settlement Agreement, serious questions exist regarding whether eight individuals who had opted into the litigation meet the definition of the Settlement Class. Nevertheless, given their desire to Opt-in to this litigation the Parties stipulated to allow them to participate in the settlement and offered them each a payment of $50.

Schlesinger Declaration. These allocations are the result of a reallocation performed by Plaintiffs' counsel (which was approved by Defendant's counsel) following notice period. Therefore, each Settlement Class member is receiving more than the amount for which they agreed to release their claims.

### B. Notice of Settlement and Reaction of the Class Members

Included in the settlement were Named Plaintiff and all eligible Opt-in Plaintiffs who filed consent to join forms, numbering one-hundred forty-seven (147) individuals. Plaintiffs' counsel sent agreed-upon Settlement Notices ("Notices") to the Settlement Class on May 9, 2014. (Ex. C.) Settlement Class members had forty-five (45) days from the date the Notice was sent to them to sign and return their release to Nichols Kaster, PLLP ("Claim Submission Period"). (Ex. A at ¶ 5(b).) During the course of the Claim Submission Period, Plaintiffs' counsel promptly searched for alternate addresses and re-mailed the Notices to any members of the Settlement Class from whom the initially mailed Notices were returned as undeliverable. (Schlesinger Decl. at ¶ 9.) Plaintiffs' counsel used its best efforts to ensure a response to the Notices from each Settlement Class member. (Id. at ¶ 10.)

The Settlement Notices provided the Settlement Class members information about how to exclude themselves from the settlement if they chose to do so. (Ex. B.) One-Hundred (100) out of One-Hundred Forty-Seven (147) Settlement Class members – sixty-eight percent (68%) – returned releases ("Settlement Plaintiffs"). None of the Settlement Class members rejected the Settlement Agreement. (Schlesinger Decl. at ¶ 11.)

The non-responding Settlement Class members will be dismissed from the action with prejudice and any settlement funds allocated to such persons will be reallocated to the Settling

Plaintiffs. (Ex. A at ¶ 3(f).) Any settlement checks that are not cashed within ninety-days will be donated by Defendants to a mutually agreeable *cy pres*. (Ex. A at ¶ 4(b).)

### III. THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES

Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of the FLSA claims asserted by the Named and Opt-in Plaintiffs. See Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the Parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," and the settlement is entered as stipulated judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Wingrove v. D.A. Technologies, Inc., 2011 WL 7307626, at *2 (N.D. Ga. Feb. 11, 2011), report and recommendation adopted, 2011 WL 7324219 (N.D. Ga. Feb. 14, 2011).

"[T]he FLSA imposes a heightened duty on the Court to "scrutinize for fairness" a settlement agreement in a private claim brought pursuant to the Act." Coles v. Zundel's, Inc., No. 11-0074, 2012 WL 2252389, at *2 (S.D. Ala. June 15, 2012) (citing Silva v. Miller, 307 Fed. Appx. 349, 351-52 (11th Cir. 2009)); Dunagan v. ABBC, Inc., No. 11-00280-KD-C, 2012 WL 1014756, at *3 (S.D. Ala. Mar. 22, 2012) (same).

"If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" Grimes v. Se. Restaurants Corp., No. 1:12-CV-150, 2013 WL 4647374, at *2 (M.D. Ga. Aug. 29, 2013) (citing Lynn's Food Stores, 679 F.2d at 1354); see also Robertson v. Ther-Rx Corp., No. 2:09-CV-1010, 2011 WL 1810193, at *2 (M.D. Ala. May 12,

6

2011) (approving a settlement as a reasonable compromise involving a *bona fide* dispute about FLSA coverage).

The primary consideration in determining whether a settlement is fair and reasonable is the strength and nature of the claim in light of the possible defenses. Other factors include: the complexity, expense and likely duration of the litigation; the reaction of the collective class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Brask v. Heartland Automotive Servs., Inc., 2006 WL 2524212, at *2 (D. Minn. Aug. 15, 2006).

### A. The Proposed Settlement is Fair and Reasonable

The Settlement Agreement was the product of arm's-length negotiations by experienced counsel. It provides relief to Plaintiffs and eliminates the inherent risks both sides would bear if this complex litigation were to continue on appeal at the Eleventh Circuit. The Parties participated in mediation with two experienced mediators, and that mediation process allowed the Parties to reach agreement on the terms of a settlement. Given these circumstances, a presumption of fairness should attach to the proposed Settlement Agreement. See Lynn's Food Stores, Inc., 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indication of fairness); see also In re BankAmerica Corp. Sec. Litig., 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Consideration of several additional relevant factors confirms that the proposed Settlement Agreement is fair and reasonable. First, the complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the Settlement Agreement is fair and reasonable. Had the Parties not agreed to settle this case, they would have been faced with a lengthy appeals process before the Eleventh Circuit Court of Appeals, which would present risks to both sides. While some issues remain unresolved in this litigation, the discovery conducted thus far has enabled counsel for the Parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the Parties' best interest.

Plaintiffs' counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed Settlement Agreement. Based on their knowledge of the case, the Court's summary judgment order, the applicable law, as well as records produced by Defendants, Plaintiffs' counsel believe the Settlement Agreement is fair, reasonable and adequate. "Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight." In re BankAmerica, 210 F.R.D. at 702. Indeed, the Total Settlement Amount was the product of good-faith negotiations between the Parties at mediation, and the settlement amounts for each Plaintiff vary based on employment duration within the statute of limitations, each Plaintiff's payroll records, and each Plaintiff's involvement in the case.

Lastly, Plaintiffs' counsel's attorneys' fees and costs are reasonable because the issues here are complex and the Parties engaged in contentious litigation before they agreed upon a resolution. Moreover, the Opt-in class members bore a significant risk of no recovery in this

case if Defendants were to prevail on appeal. Plaintiffs' counsel expended a considerable amount of resources in motion practice, discovery, and analysis of Plaintiffs' individual claims. Finally, collective class members in this case agreed to be represented by Plaintiffs' counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the terms of that agreement. Accordingly, this Court should conclude that the proposed Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the Settlement Agreement.

### B.  The Parties Had A *Bona Fide* Dispute Over FLSA Coverage

Plaintiffs alleged that Defendants violated the FLSA because they failed to pay Plaintiffs overtime wages. Defendants, on the other hand, argued Plaintiffs were exempt from overtime under, inter alia, 7(i) of the FLSA, denied that Plaintiffs were similarly situated, and argued that all or part of Plaintiffs' claims were barred by the *de minimis* doctrine.

If Plaintiffs ultimately prevailed, Defendants would have been faced with the prospect of a significant monetary verdict in favor of the Named Plaintiff and the Opt-in class, as well as the obligation to pay litigation fees and costs. If Defendants ultimately prevailed, Plaintiffs would have faced the affirmance of the dismissal of their claims and no recovery of any kind. Counsel for the Parties agree that either outcome was possible in this action. Accordingly, the Court should conclude that a *bona fide* dispute between the Parties existed.

### CONCLUSION

This FLSA collective action settlement is the product of an arm's-length negotiation between counsel and resolves a *bona fide* dispute between the Parties. After engaging in discovery, motion practice, and a thorough analysis of relevant information, the Parties resolved their issues. The proposed Settlement Agreement is fair, reasonable and adequate, and provides Plaintiffs monetary relief for their claims. For these reasons, and those set forth above, the Court

should grant the Motion for Settlement Approval. Additionally, the Parties respectfully request that after deciding this Motion and Plaintiffs' Motion for Attorneys' Fees and Costs, the Court promptly enter an Order on the Parties' Stipulation of Dismissal so that this matter may be closed and removed from the Court's docket.

Date: July 11, 2014

Respectfully submitted,

s/David E. Schlesinger
Matthew H. Morgan
MN Bar No. 304657*
David E. Schlesinger
MN Bar No. 0387009*
Reena I. Desai
MN Bar No. 0388311*
NICHOLS KASTER, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
Email: morgan@nka.com
      schlesinger@nka.com
      rdesai@nka.com

*Admitted pro hac vice*

John T. Sparks
GA Bar No. 669575
AUSTIN & SPARKS, P.C.
2974 Lookout Place NE, Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Facsimile: (404) 869-0200
Email: jsparks@austinsparks.com

ATTORNEYS FOR PLAINTIFFS

s/Ellen C. Kearns
Ellen C. Kearns
BBO# 263100*
Christopher M. Pardo
BBO# 674674*
CONSTANGY, BROOKS & SMITH LLP
535 Boylston Street, Suite 902
Boston, MA 02116
Telephone: (617) 849-7880
Facsimile: (617) 849-7870
Email: ekearns@constangy.com
      cpardo@constangy.com

*Admitted pro hac vice*

William M. Clifton III
Georgia Bar No. 170176
Alyssa K. Peters
Georgia Bar No. 455211
CONSTANGY, BROOKS, & SMITH, LLP
577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202
Telephone: (478) 750-8600
Facsimile: (478) 750-8686
Email: bclifton@constangy.com
      apeters@constangy.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Memorandum of Law In Support of the Joint Motion for Settlement Approval with the Clerk of Court in the United States District Court for the Middle District of Georgia, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

ALYSSA PETERS MORRIS     amorris@constangy.com, acorona@constangy.com, jshoenfelt@constangy.com

CHRISTOPHER M PARDO     cpardo@constangy.com

ELLEN C KEARNS     ekearns@constangy.com

JOHN THOMAS SPARKS     jsparks@austinsparks.com

MATTHEW H MORGAN     morgan@nka.com

REENA I DESAI     rdesai@nka.com, assistant@nka.com

WILLIAM M CLIFTON , III     bclifton@constangy.com, acorona@constangy.com, jshoenfelt@constangy.com


Date: <u>July 11, 2014</u>                                                                 s/David E. Schlesinger
                                                                                                            David E. Schlesinger