# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEITH JONES, individually and on Behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TUCKER COMMUNICATIONS, INC., and TIMOTHY TUCKER, individually,<br><br>Defendants. | Case No: 5:11-CV-00398 (MTT) |

## SETTLEMENT AGREEMENT

Subject to the approval of the United States District Court for the Middle District of Georgia ("Court"), Plaintiff Keith Jones ("Plaintiff"), acting individually and on behalf of the Settlement Class as defined herein, and Defendant Tucker Communications, Inc., and Timothy Tucker, individually, ("Tucker" or "Defendant") enter into this Settlement Agreement ("Agreement"). Plaintiff and Tucker are collectively referred to herein as the "Parties" and each as a "Party."

### RECITALS

WHEREAS, On October 3, 2011, Named Plaintiff Keith Jones filed a Complaint entitled *Keith Jones v. Tucker Communications Inc.,* No. 5:11-CV-00398 (MTT), in the United States District Court for the Middle District of Georgia, Macon Division against Tucker Communications, Inc. (the "Action").

WHEREAS, the single-count Complaint states that Plaintiff brought this Action on behalf of himself and all purportedly similarly situated individuals for "unpaid overtime wages" that were allegedly unpaid in violation of 29 U.S.C. § 207 of the FLSA.

WHEREAS, on November 2, 2011 Tucker filed its Answer and Affirmative Defenses to the Complaint.  On December 6, 2011, the Parties filed a Joint Motion to Stay Deadlines in the Court's Scheduling and Discovery Report Pending Mediation.

WHEREAS, in order to facilitate the mediation process, Tucker agreed to send a class notice and opt-in form to each putative FLSA class member. The opt-in deadline was February 2, 2012, and 154 putative class members opted-in in a timely manner, although 5 have withdrawn since that time, leaving 149 putative class members.  One additional class member has since submitted a Consent Form, and Tucker agreed to accept that form.

WHEREAS, on May 4, 2012, the Parties notified this court that the mediation process was not successful. Concurrently, the parties filed an Amended Scheduling and Discovery Report, which was approved by this Court.

WHEREAS, on February 19, 2013 Plaintiffs and Defendant filed Motions for Summary Judgment on, *inter alia*, the issue of whether the Plaintiffs in this case, Cable Installation Technicians, met the tests set forth in Section 207(i) of the FLSA to be considered exempt from the FLSA's overtime requirements.

WHEREAS, on February 19, 2013, Defendant moved to dismiss the claims of 136 opt-in plaintiffs for failing to comply with the Court's discovery order and to decertify the collective action.

WHEREAS, on November 18, 2013, Judge Marc Treadwell granted the Defendants' Motion for summary judgment and denied the Plaintiffs' motion for summary judgment on the Section 7(i) issue, and denied as moot the Defendants' motions for decertification and dismissal.

WHEREAS, on December 16, 2014, Plaintiffs appealed Judge Treadwell's decision to the Eleventh Circuit Court of Appeals. A Brief in support of that appeal was due to be filed on March 27, 2014.

WHEREAS, on March 25, 2014 the Parties reached an agreement on the terms and conditions of a settlement as set forth in this Settlement Agreement.

WHEREAS, in agreeing to this Settlement Agreement the Parties recognize and have considered the following:

    A.    Plaintiffs

Plaintiffs believe that the district court's order interprets the 7(i) exemption too broadly and believes that its appeal will be successful before the Eleventh Circuit. However, Plaintiffs are mindful of Defendants success at the district court level. Plaintiffs further recognize and acknowledge the expense and length of time that the appeal of a district court decision will take. Counsel for Plaintiffs have taken into account the uncertain outcome and the risks of an appeal, as well as the difficulties inherent in such an appeal. Counsel for Plaintiffs have, therefore, determined that the Settlement Agreement is fair, reasonable and adequate. The Settlement Agreement confers substantial benefits upon, and is in the best interests of, the Plaintiffs and the Settlement Class (hereafter defined).

    B.    Defendants

Tucker believes that the decision of Judge Treadwell correctly sets forth the state of the law with respect to the Section 7(i) exemption, and that it has correctly applied that exemption to

its cable installation technicians.  Nevertheless, Tucker recognizes the risks and uncertainties inherent in any appeal, the expenses associated with preparing for the appeal, and the uncertainty to its business operations arising out of class action litigation.   Accordingly, Tucker believes that the terms set forth in this Settlement Agreement is likewise in its best interests.

WHEREAS, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice; and

WHEREAS, it is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement of all Released Claims against all Released Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** among the Parties, by and through their respective attorneys of record, and subject to the approval of the Court, that in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, the Action shall be settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1. **Settlement Amount.**

The total settlement amount is $125,000 from which shall be drawn: (1) payments to members of the Settlement Class (defined below) under a formula to be agreed upon by the Parties, (2) Plaintiffs' attorneys' fees, costs and expenses, (3) a Contingency Fund of $2,000, (4) a service fee payment of $500 to the named Plaintiff, and (5) the full amount of the Settlement Class Members' W-2 withholdings (and state /local withholdings if applicable). It is understood that in addition to the $125,000 settlement amount, Defendants shall be responsible for paying the employer's share of payroll taxes resulting from settlement payments to individual Settling Plaintiffs.

4

Of the total settlement amount, $65,000 will be paid within 10 calendar days of the date the Federal District Court in Macon, Georgia gives final approval to this Settlement Agreement or 60 days, whichever is later, and the remaining $60,000 will be paid on or before December 31, 2014.

Except as specifically provided for in this Agreement, (see Sections 4.a. and 5.b. and c.) no part of this Settlement Amount shall revert to Defendants. In the event that this Settlement Agreement is voided under Section 8, infra, it is the Parties' intention that the Settlement Amount shall revert to Defendants, and that the Settlement Class members shall be restored with all rights that they possessed prior to the execution of this Settlement Agreement. Except for amounts specifically set forth in this Settlement Agreement, Defendants will have no financial obligations whatsoever to the Plaintiffs or Plaintiffs' counsel as the result of this litigation and/or this settlement.

2.   **Scope of the Settlement Class.**

The Settlement Class shall include the following:

> Plaintiff and all eligible "opt-in" Plaintiffs who have filed consents to join forms in <u>Jones et al. v. Tucker Communications, Inc., et al.</u>, Case No.: 5:11-cv-00398 (M.D. Georgia, Macon Division) as of the date of this Settlement Agreement ("Settlement Class Members").

The Parties believe questions exist with respect to whether Kenneth Stuart, David Brownstein, Jeremy Kilgore, Thomas Santos, George Drake, Michael Sewell, Andra Shelton, and Lamont Thomas meet the definition of the "Settlement Class" set forth herein, but agree to include them in this settlement given their desire to opt-in to this litigation and to make a nominal payment to them in exchange for full and complete release described herein.

3.   **Allocation of the Settlement Amount**

a.   Nichols Kaster, PLLP ("NK") will serve as Settlement Administrator at its own costs.

5

  b.  Tucker will not oppose NK's application for attorneys' fees, costs and expenses. Such fees, costs and expenses shall be deducted from the Settlement Amount. If the Court does not approve any portion of these attorneys' fees, costs and expenses, such funds that are not approved shall be reallocated to members of the Settlement Class on a pro rata basis.

  All amounts allocated and approved as attorneys' fees and costs will be paid to NK by wire and will be reported to NK on an IRS Form 1099. NK will sign and forward a W-9 upon Defendants' request.

  c.  As part of the preliminary allocations, $2,000 of the total settlement amount will be dedicated to a Contingency Fund which will further the purposes of the settlement. Any money remaining in the Contingency Fund will be reallocated to Settling Plaintiffs defined below, on a pro rata basis as part of their final allocation. Defendants will not oppose this allocation.

  d.  As part of the preliminary allocations, an additional $500 of the total settlement amount shall be allocated to named Plaintiff Jones as a service payment. Defendants will not oppose this allocation.

  e.  The Net Settlement Fund shall be what is remaining from $125,000 after deductions for approved attorney fees, expenses, and costs, payment to a contingency fund and a payment to named Plaintiff. Based on this Net Settlement Fund, NK will compute a preliminary allocation of settlement amounts for each Settlement Class Member subject to Defendants' approval.

  f.  Following the 45-day claim form submission period, NK will re-calculate a final allocation of settlement amounts, based upon Class Members' responses, and approved attorneys' fees and costs, for all Settlement Class Members who timely execute and return a

release form ("Settling Plaintiffs"). This recalculation, (if any) must be approved by Defendants and then adopted by Defendant as its settlement offer.

4. **Disbursement of the Settlement Amount**

a. Each Member of the Settlement Class who signs a Release approved by Defendants will receive from the Defendant two separate checks, each of which will be for 50% of the settlement amount allocated to that Class Member. The first check will be allocated to overtime wages, and payroll and income taxes will be withheld from this payment, which will be reported on a W-2 form. The second check will be allocated to liquidated damages under the FLSA and payroll and income taxes will not be withheld from this payment, which shall be reported on an IRS 1099 form.

It is expressly understood that because Defendants are making installment payments of the total settlement amount, multiple payments will likely be made to the Settling Plaintiffs resulting in more than two checks per Class Member.

Defendants retain the right to void this Settlement Agreement if one or more members of the Settlement Class is a Rejecter as defined in 5.b. below. Defendants shall communicate their desire to exercise this option in writing via email to Plaintiffs' Counsel. If Defendants desire to exercise this option, they must do so within five (5) business days of receipt by Defendants' counsel of written notification that the number of Rejecters and/or Non-Responders has exceeded the threshold provided herein.

b. Each Settling Plaintiff who is issued a check pursuant to this Agreement shall have ninety (90) calendar days after the issuance of the settlement check to cash it. If any

7

Settling Plaintiff does not cash his/her check within that 90-day period, such check will be void. In such event, those individuals will be deemed to have waived irrevocably any right in or claim to that settlement check. Defendants shall send NK a list of Settling Plaintiffs who have not cashed their checks at least thirty (30) days prior to the check's expiration. NK shall make reasonable efforts to contact those individuals regarding their uncashed checks. Any settlement funds relating to uncashed checks shall be donated by Defendants to a mutually agreeable charitable organization within ten (10) days after the expiration of such checks.

    c.    Defendants shall cooperate with NK to reissue any lost or damaged settlement checks.

**5.**     **Scope, Effect and Distribution of the Release**

    a.    Each Settling Plaintiff must release all claims asserted in his or her Complaint as well as any similar claims under state or local wage and hour laws or common law claims for breach of contract, including, without limitation, wage and hour claims under the Fair Labor Standards Act against Defendants Tucker Communications, Inc. and Timothy Tucker through the date that this Settlement Agreement is signed by all parties.

    b.    Settlement Class Members will be sent a Notice of Settlement (See 6.d. below) that will inform them that if they affirmatively reject their settlement offer by providing notice of a rejection in writing to NK within the 45-day claim form submission period they will be referred to herein as a "Rejecter," not a "Settling Plaintiff." Rejecters will be informed that they will be dismissed without prejudice from this case, but shall have 30 days after dismissal within which to file a subsequent claim under the FLSA should they choose to do so. Defendants agree they will waive their right to raise *res judicata* or *collateral estoppel* if a new lawsuit is filed by any Rejecter. Failure to re-file a claim within this timeline will result in forfeiture of consent-

8

based tolling. Individual settlement amounts allocated to Rejecters will be retained by Defendants.

      c.     Plaintiff's counsel agree that at the time of signing this Settlement Agreement they have no knowledge of any Settlement Class Member's intent to reject this settlement.

      d.     Any Settlement Class Member who does not return a Release Form to NK within the 45-day claim submission period, and who and does not meet the definition of a Rejecter is referred to herein as a "Non-Responder." Non-Responders will be dismissed from the Action with prejudice. Settlement funds allocated to such persons will either be reallocated to the Settling Plaintiffs or donated by Defendants to a mutually agreeable cy pres beneficiary within thirty (30) days after the settlement is finally approved. NK shall be copied on any correspondence to the cy pres beneficiary related to donated funds.

      e.     At no time will the parties or their counsel solicit or encourage any of the Settlement Class Members to object to or reject the Settlement Agreement.

**6.**     **Timeline**

      a.     The Parties' acknowledge that NK drafted and upon Defendant's approval of same, filed with the Eleventh Circuit Court of Appeals a Motion to Stay the Appellate Procedures pending the District Court's approval of the parties' Settlement Agreement.

      b.     The Parties' acknowledge that NK provided to Defendants the settlement allocation amounts. The Parties' further acknowledge that Defendant has drafted this Settlement Agreement and a Release for Plaintiffs' counsel review.

      c.     NK will draft a Notice of Settlement to be sent to the Settlement Class consistent with the terms of this Agreement, and provide it to Defendants on or before **April 25, 2014** for Defendant's review and edits. The parties will make all efforts to finalize and execute the

Settlement Agreement, and finalize the settlement allocations and draft notice of settlement and release by **April 25, 2014.**

d. On or before **May 9, 2014**, NK will send the Notice of Settlement and Release to the Settlement Class. The Settlement Class Members shall have forty-five (45) days from the date the Notice is sent to them to sign and return their release to NK ("Claims Submission Period").

e. Defendants retain the right to void this Settlement Agreement if one member of the Settlement Class is a Rejecter as defined in 5.b. above.

f. Within seven (7) calendar days after the Claim Submission Period has ended, NK will send Defendant the final allocation amounts and a draft motion for approval of the settlement for their edits and revisions.

g. Within fourteen (14) calendar days after the Claim Submission Period has ended, the Parties shall file their Joint Motion for Settlement Approval with the Federal District Court for the Middle District of Georgia, Macon Division, which shall include a draft Final Judgment with respect to these claims (which shall include the identification of any opt-in Plaintiffs the Parties agree were ineligible and a joint request that they be dismissed from the suit without prejudice), and NK shall file Plaintiffs' unopposed motion for attorneys' fees, costs and the named plaintiff's service payment. Defendants will request that the Court treat the settlement as confidential; NK will not oppose such request. (See paragraph 9 below.)

h. Should the Court require a hearing for the parties' motion for settlement approval, the parties will use their best efforts to schedule the hearing within forty-five (45) days of the Claims Submission Period. With respect to such hearing, all Parties will adhere to the Confidentiality requirements of this Settlement set forth in Paragraph 9 below.

10

      i.      Within ten (10) days after the Settlement Agreement is finally approved, Defendants shall deliver to NK settlement checks for Settling Plaintiffs and wire the funds for NK's attorneys' fees and costs in the amount of the first installment of the total settlement amount ($65,000).

      j.      On or before December 31, 2014, Defendants shall deliver to NK settlement checks for Settling Plaintiffs and wire the funds for NK's attorneys' fees and costs in the amount of the second installment of the total settlement amount ($60,000).

      k.      The breakdown of the allocations for the settlement checks for the Settling Plaintiffs and the attorneys' fees and costs will be agreed to by the parties before final approval is sought from the Court.

**7.**      <u>**Non-Admission of Liability**</u>

Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, wrongdoing, or other unlawful behavior on the part of Defendants. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.

**8.**      **Voiding the Settlement Agreement**

      a.      In the event the Federal District Court refuses to approve this Settlement or any material part of it, Counsel for a party to this Settlement shall have the right to terminate this Settlement by providing written notice of their election to do so to Counsel for the other party hereto within ten (10) business days of an Order refusing or declining to approve the settlement or any material part of it.

11

2268710.1
2696531.1

b. As outlined in Section 4.a. *supra*, Defendants shall have the right to terminate this Settlement by providing written notice of their election to do so to Plaintiffs' Counsel if one member of the Settlement Class is a Rejecter.

c. In the event that Counsel for either Party exercises the right of termination set forth in this Section, then this Settlement shall be deemed null and void, of no force and effect, inadmissible as evidence and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever.

d. If, in approving this Settlement, the Court reduces the allocation of Plaintiffs' Counsel's attorneys' fees or costs, such reduction shall not be considered a material change to this Settlement, and the Parties agree that the remainder of this Settlement shall remain enforceable. Nothing in this paragraph is intended to waive any arguments Plaintiffs' Counsel may make regarding the propriety and appropriateness of Plaintiffs' Counsel's attorneys' fees and costs, and Defendants will not oppose any arguments Plaintiffs' Counsel may make regarding the appropriateness of their attorneys' fees, costs and expenses.

9. **Confidentiality**

a. This Settlement and its terms are confidential. Plaintiffs' counsel will not oppose Defendant's efforts to obtain Court approval of this Settlement in a confidential manner. This may involve an attempt to conduct a fairness hearing without the need to make this Settlement and any reference to the settlement amounts part of the public record, and, if necessary, filing this Settlement and related documents under seal or seeking the Court's review and approval of the Settlement and amounts paid to members of the Settlement Class and their counsel in camera without the need to make such information part of the public record, and, if necessary, by

12

redacting the Settlement Amount and any amounts paid to members of the Settlement Class and their counsel.

b.  The named Plaintiff agrees to confidentiality and non-disclosure as to all settlement terms. Further, the named Plaintiff acknowledges that in the event of his breach of this provision Tucker will have the right to pursue all available grounds for legal and/or equitable relief. Tucker agrees that it will not seek to prosecute *de minimus* violations of this provision that do not harm Tucker (such as conversations with named Plaintiff's personal acquaintances that do not create publicity or any risk that Tucker will be subject to future litigation).

c.  Counsel for Plaintiffs agrees within three (3) business days after the approval of the parties Joint Motion for Settlement Approval with the Federal District Court for the Middle District of Georgia they will remove any reference to this case from their firm's website.

d.  Counsel for Plaintiffs are not prohibited by this provision from identifying themselves in unrelated court pleadings as counsel for the Plaintiffs in this Action when listing prior experience as class counsel, as long as the specific settlement terms and attorneys' fees awarded are not disclosed.

e.  The failure of the Court to approve the Parties request for confidentiality in whole or in part shall have no effect on this Settlement Agreement.

f.  Any and all public communication of the Settlement Agreement must be agreed to by the Parties, including but not limited to any notice to past or present class members and/or any statement regarding the settlement to the media or on the internet. To the extent that the Parties are approached to make public statements, they will only make statements previously agreed to as part of a "script" or "talking points."

g.      Upon execution of this Agreement, NK will remove any reference to this case on the www.cabl.com website.

**10.    Release**

Each and every Settling Plaintiff, on behalf of his/her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily, irrevocably and unconditionally, forever and fully releases and covenants not to sue Defendants and/or Released Parties from/for any and all causes of action for unpaid wages, overtime pay, minimum wages, liquidated damages, penalties, attorneys' fees and costs, and interest under the Fair Labor Standards Act, state wage and hour law, or common law, which any such Settling Plaintiff has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of employment with Defendant of each Settling Plaintiff up to and including the date he or she signs a Release. ("Released Claims").

**11.    Extensions of Time**

The parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provision of the Agreement without formally amending this Settlement Agreement.

**12.    Mutual Full Cooperation**

a.      Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement. Defense Counsel shall provide Plaintiffs' Counsel with reasonable and timely assistance necessary to communicate settlement offers, and locate missing Opt-in Plaintiffs.

b.  Counsel for the Parties agree, within the boundaries of applicable ethical rules, that they will not attempt, directly or indirectly, to encourage any Plaintiff to reject his or her individual settlement offer. Plaintiffs' Counsel further agrees, within the boundaries of applicable ethical rules, that they will recommend acceptance of the individual settlement offer to each Plaintiff within the scope of the settlement class.

### 13. Construction

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation of Settlement. The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Settlement Agreement.

### 14. Mediation of Disputes

Any dispute which may arise under this Settlement Agreement, including any dispute with respect to administration of the settlement benefits to Settling Plaintiffs, may be submitted, if both parties agree, to a mediator of the Parties' choice. The Mediator shall have the authority to allocate the costs and fees of mediation to either or both parties in his sole discretion.

### 15. Captions and Interpretations

Section titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

15

2268710.1
2696531.1

16. **Modification**

This Settlement Agreement may be changed, altered, or modified only by (a. an order of this Court or (b) a writing signed by counsel for both Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

17. **Integration Clause**

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing signed by the counsel for the Parties.

18. **Binding on Assigns**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

19. **Counterparts and Facsimile Signatures**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement. This Settlement Agreement may be executed by facsimile signatures, PDF, or email, which shall be deemed to be originals.

20. **Applicable Law**

2268710.1
2696531.1

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Georgia, to the extent federal law does not apply.

21. **Retention of Jurisdiction**

The Parties intend to request that the federal district court in the middle district of Georgia, Macon Division, retains jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties submit to the jurisdiction of this Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

If the Settlement is approved, the Court will enter an order dismissing the claims against Tucker with prejudice.

22. **Termination of Agreement**

This Agreement shall terminate: (a) automatically if the Court fails to approve the Agreement; or (b) prior to approval of this Agreement by the Court, upon the mutual written agreement of the Parties by and through their respective counsel.

23. **Effect of Termination**

If this Agreement is terminated, each Party shall return to his, her, or its respective status as of March 20, 2013, and they shall proceed in all respects as if this Agreement had not been executed, preserving all of their respective claims and defenses.

*[THIS SPACE IS INTENTIONALLY LEFT BLANK. SIGNATURE PAGE FOLLOWS.]*

18
2268710.1
2696531.1

IT IS SO STIPULATED.

Dated: 5/2/14

By: _____
Matthew H. Morgan
NICHOLS KASTER, PLLP ("NK")
Attorneys for Plaintiffs

Dated: June 2, 2014

By: _____
Ellen C. Kearns
CONSTANGY, BROOKS & SMITH, LLP
Attorneys for Defendants, Tucker Communications
Inc., and Timothy Tucker

5/13/14

19

2268710.1
2696531.1